UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAN CREPPS, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> CONOPCO, INC., d/b/a "UNILEVER," DOES 1 through 10, <br><br> Defendants. | Case No. 4:19-cv-2554 <br><br> JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendant Conopco, Inc., d/b/a "Unilever," files this notice of removal from the Circuit Court of Jefferson County, Missouri, to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1332(d) and 1441.

**I. BACKGROUND**

1. On July 4, 2019, Plaintiff Dan Crepps filed a petition in the Circuit Court of Jefferson County titled *Dan Crepps v. Conopco, Inc., d/b/a "Unilever," Does 1 through 10*, No. 19JE-CC00490 (Mo. Cir. Ct.).

2. On July 13, 2019, Plaintiff filed a First Amended Class Action Petition ("Complaint") attached as **Ex. A**.

3. The Complaint alleges claims for (1) breach of warranty, (2) breach of implied contract, (3) unjust enrichment, (4) violations of the Missouri Merchandising Practices Act ("MMPA") and (5) injunctive relief in connection with the sale of Degree-branded MotionSense UltraClear Black + White antiperspirants. Compl. ¶¶ 23, 26, 78-115.

4. Degree MotionSense UltraClear Black + White men's stick antiperspirants (the

"Products") are manufactured by Unilever and are available in various scents. *Id.* ¶¶ 24, 26.[1]

5.  Plaintiff's claims are premised on certain statements used on the Products, including "anti yellow stains," "anti white marks," "helps prevent" stains and marks, "stain-minimizing formula," and "protects" clothes from marks and stains (collectively the "Statements"). *See id.* ¶¶ 2, 9, 25, 28, 33.

6.  Plaintiff alleges the Statements are false or misleading because the Products simply have less aluminum zirconium tetrachlorohydrex GLY, which is the active ingredient that allegedly causes white marks and yellow stain; thus, the Products are "nothing more than a less-effective version" of the regular Degree products. *Id.* ¶¶ 3-9.

7.  Plaintiff seeks to represent a class consisting of all consumers in the United States and a subclass of all consumers in Missouri who purchased the Products. *Id.* ¶ 17.

## II.   NOTICE OF REMOVAL IS TIMELY

8.  Unilever was served with a summons and copy of the Complaint on August 14, 2019. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

## III.  REMOVAL PURSUANT TO CLASS ACTION FAIRNESS ACT OF 2005

9.  This Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(d). Under the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction when: (1) the putative class consists of at least 100 members; (2) the citizenship of at least one

---

[1] Plaintiff's definition of the "Products" at issue is somewhat vague, and does not specifically limit the lawsuit to the stick formulation or to the men's product line. *See* Compl. ¶ 26. However, other paragraphs suggest this lawsuit includes only the men's stick varieties of the product. *See, e.g.*, Compl. ¶¶ 2, 25 (citing the website for a men's stick product), 27 (image of a men's stick product). Further, Plaintiff's counsel in this case has filed virtually identical cases regarding Degree "MotionSense UltraClear Black + White" products, including the women's stick, *Richards v. Unilever, et al.*, No. 1922-CC10814 (Mo. Cir. Ct.) (St. Louis City), the women's spray, *Been v. Unilever, et al.*, No. 19SL-CC02857 (Mo. Cir. Ct.) (St. Louis City), and the men's spray, *Richards v. Unilever, et al.*, No. 1922-CC10863 (Mo. Cir. Ct.) (St. Louis City). Accordingly, Unilever believes Plaintiff intends to limit this case to the men's stick varieties.

proposed member of the class is different from that of any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

### A. There Are More Than 100 Putative Class Members

10. Plaintiff purports to represent a class of: "All persons who purchased 'Degree'-branded, 'MotionSense' 'UltraClear Black + White' antiperspirant (the 'Product') during the Class Period in the United States." Compl. ¶ 17 (footnote omitted).

11. Plaintiff also purports to represent a subclass of: "All persons, who, within the Class Period, purchased the Product in the State of Missouri." *Id.*

12. The class period is defined as five years prior to July 4, 2019, the initial filing of this lawsuit. *Id.*

13. Plaintiff admits that the class he purports to represent consists of "tens of thousands, if not hundreds of thousands, of individuals[.]" *Id.* ¶ 18.

14. Consequently, there are more than 100 putative class members.

### B. Minimal Diversity Exists Between the Parties

15. CAFA jurisdiction "requires only *minimal* diversity, meaning '*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant.'" *Reece v. Bank of N.Y. Mellon,* 760 F.3d 771, 776 (8th Cir. 2014) (citing 28 U.S.C. § 1332(d)(2)(A)).

16. At the time this lawsuit was filed and at all times since, Plaintiff was and is a citizen of Missouri. Compl. ¶ 10.

17. At the time this lawsuit was filed and at all times since, Unilever was and is a New York corporation with its principal place of business in New Jersey. Compl. ¶ 12. Therefore, at the time this action was filed and at all times since, Unilever was and is a citizen of New York and New Jersey. 28 U.S.C. § 1332(c)(1).

18. Because Plaintiff is a Missouri citizen and Unilever is a New York and New Jersey

citizen, diversity of citizenship exists.

### C.     The Amount in Controversy Exceeds $5 Million in the Aggregate

19.     Under 28 U.S.C. § 1332(d)(2), an action is removable under CAFA when "the matter in controversy exceeds the sum or value of $5,000,000." To determine whether the matter in controversy exceeds the sum or value of $5,000,000, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

20.     When, as here, the complaint fails to allege a specific amount in damages sought, "[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added). For purposes of removal, Unilever needs only to make a "plausible allegation" that the amount in controversy exceeds $5 million. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Once a defendant makes such a showing, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (quotation omitted).

21.     Assuming the truth of the allegations in the Complaint, there is more than $5 million in controversy.[2]

22.     Plaintiff purports to represent a nationwide class and Missouri subclass. Compl. ¶ 17. Plaintiff seeks damages on behalf of the proposed classes in the amount of the purchase price of the Products. *See* Compl. ¶¶ 63, 75, 90, 103, 110, 114.

23.     Unilever is able to purchase information regarding retail sales from Information

---

[2] By alleging here that Plaintiff might legally recover a judgment exceeding the jurisdictional amount in controversy, Unilever neither confesses any liability nor admits the appropriate amount of damages if found liable for any part of Plaintiff's claims. Unilever is only stating what the stakes of the litigation could be. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) ("The removing party need not confess liability in order to show that the controversy exceeds the threshold.") (internal quotation marks omitted).

Resources, Inc. ("IRI"), a company that provides information and analytics for consumer packaged goods, retail, and healthcare companies in the United States and internationally.  Unilever regularly requests information from IRI and maintains and uses it in the ordinary course of business.  One of the services IRI provides is tracking retail sales of products by gathering data from the scanners at checkouts in thousands of grocery, drug, and other retail stores across the country.  By analyzing this scanner data, IRI projects the total dollar amount of retail sales for particular products.

24. Based on IRI retail sales data for the Products, there was approximately $54,321,840 in retail sales nationally from 2014 through 2018.

25. Plaintiff also seeks punitive damages, which may be considered in determining whether damages exceed $5 million under CAFA.  *See Raskas*, 719 F.3d at 887.  Plaintiff may recover punitive damages of "[f]ive times the net amount of the judgment," Mo. Rev. Stat. § 510.265, and the judgment also includes any attorney's fee award.  *Raskas*, 719 F.3d at 887.

26. In MMPA cases, punitive damage awards are common and can be substantial.  *See, e.g.*:

- *Kerr v. Ace Cash Experts, Inc.*, No. 4:10 CV 1645 DDN, 2010 WL 5177977, at *2 (E.D. Mo. Dec. 14, 2010) (considering the possibility of more than $4.4 million in attorneys' fees and punitive damages based upon allegations of $594,000 in actual damages);

- *Bass v. Carmax Auto Superstores, Inc.*, No. 07-0883-CV-W-ODS, 2008 WL 441962, at *2 (W.D. Mo. Feb. 14, 2008) (noting that if 4,419 Missouri class members had total actual damages of $658,431, the "total of punitive damages and attorney fees could easily (and legally) be sufficient to bring the total amount in controversy over the [$5 million] jurisdictional requirement"); and

- *Dowell v. Debt Relief Am., L.P.*, No. 2:07-CV-27 (JCH), 2007 WL 1876478, at *2 (E.D. Mo. June 27, 2007) (denying remand after considering two prior judgments in MMPA cases and noting that "juries are inclined to assess large punitive damages awards in MMPA cases").

27. Plaintiff also seeks attorneys' fees and injunctive relief in this matter.  Compl. ¶

5

112; Prayer for Relief. For purposes of determining whether CAFA's $5 million threshold has been exceeded, both should be included. *See Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1093 (E.D. Mo. 2008) ("Defendant is correct that in determining the amount in controversy . . . attorney's fees are considered."); *id.* at 1094 (courts should consider the value to the plaintiff of injunctive relief in measuring amount in controversy).

28. As a result of the sales of the Products over the past five years, and the possibility of substantial awards for punitive damages, attorneys' fees, and injunctive relief, the total amount in controversy exceeds $5 million.

## IV. COMPLIANCE WITH REMOVAL PROCEDURES

29. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the Circuit Court of Jefferson County, Missouri, a court encompassed by the Eastern District of Missouri, Eastern Division.

30. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2.03, copies of all process, pleadings, orders, and other documents on file in the state court are attached as **Ex. B**.

31. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the Notice of Removal will be promptly served on the attorneys for Plaintiff, and a copy will be promptly filed with the Clerk of the Circuit Court of Jefferson County, Missouri.

32. Unilever reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, Unilever respectfully removes this action from the Circuit Court of Jefferson County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated:  September 13, 2019

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:  */s/ James P. Muehlberger*
James P. Muehlberger, #51346MO
Douglas B. Maddock, Jr., #53072MO
2555 Grand Boulevard
Kansas City, MO  64108
Telephone:  (816) 474-6550
Facsimile:  (816) 421-5547
jmuehlberger@shb.com
dmaddock@shb.com

*Attorneys for Defendant Conopco, Inc., d/b/a "Unilever"*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2019, the foregoing document was served upon the following via the Court's electronic filing system, mail, and/or electronic mail:

Daniel F. Harvath
Harvath Law Group, LLC
75 W. Lockwood, Suite #1
Webster Grove, MO 63119
dharvath@harvathlawgroup.com

*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　*/s/ James P. Muehlberger*