# EXHIBIT B





# Your Missouri Courts

Search for Cases by: Select Search Method...

**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**

GrantedPublicAccess  Logoff EFESS19046

**19JE-CC00490 - DANIEL CREPPS V CONOPCO, INC. (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**

**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending   ○ Ascending

Display Options: All Entries

---

**09/04/2019** ☐ **Notice**
NOTICE OF ENTRY- HEARING

**08/23/2019** ☐ **Civil Setting Scheduled**
Scheduled For: 10/18/2019;  1:30 PM ;  DIANNA LYNN BARTELS;  Jefferson

**08/15/2019** ☐ **Notice of Service**
19-SMOS-43; Electronic Filing Certificate of Service.

☐ **Return Service - Other**
Document ID - 19-SMOS-43; Served To - CONOPCO, INC.; Server - ; Served Date - 14-AUG-19;
Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served; Service Text -
CT CORPORATION

**08/07/2019** ☐ **Summons Issued-Circuit**
Document ID: 19-SMOS-43, for CONOPCO, INC..

**08/05/2019** ☐ **Summ Req-Circuit Pers Serv**
REQUEST FOR ISSUANCE OF SUMMONS- CONOPCO.
Filed By: DANIEL FRANCIS HARVATH
On Behalf Of: DANIEL CREPPS

**07/31/2019** ☐ **Judge/Clerk - Note**
THIS CASE IS TRANSFERRED TO DIVISION THREE, JUDGE DIANNA BARTELS DUE TO
REASSIGNMENT OF CASES. YOU WILL BE NOTIFIED OF A DOCKET DAY IN 2020. IF A SOONER
COURT DATE IS NEEDED PLEASE CONTACT DIVISION THREE CLERK

**07/13/2019** ☐ **Amended Motion/Petition Filed**
FIRST AMENDED CLASS ACTION PETITION.
On Behalf Of: DANIEL CREPPS

**07/04/2019** ☐ **Judge/Clerk - Note**
PLEASE FILE REQUEST FOR SUMMONS IF SERVICE IS REQUIRED

☐ **Filing Info Sheet eFiling**
Filed By: DANIEL FRANCIS HARVATH

☐ **Pet Filed in Circuit Ct**
PLAINTIFFS CLASS ACTION PETITION.
On Behalf Of: DANIEL CREPPS

☐ **Judge Assigned**

---

Case.net Version 5.14.0.11          Return to Top of Page          Released 04/25/2019

**19JE-CC00490**

Electronically Filed - Jeffer... on - July 04, 2019 - 03:18 PM

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| **DAN CREPPS,** | ) | |
| *individually and on behalf of* | ) | **Case No. _____** |
| *all others similarly situated,* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | |
| **CONOPCO, INC.,** *d/b/a* **"UNILEVER,"** | ) | |
| **DOES 1 through 10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CLASS ACTION PETITION

Plaintiff Dan Crepps, individually and on behalf of all others similarly situated, hereby files this, his Class Action Petition, against Defendant Conopco, Inc., *d/b/a* "Unilever" and DOES 1 through 10 (collectively "Defendants") for their false, misleading, and deceptive marketing of their products in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA").

### I.   INTRODUCTION

1.     Defendant Unilever markets and sells many different consumer products, including deodorant and antiperspirant sticks.  One such product is "Degree"-branded, "MotionSense" "UltraClear Black + White" antiperspirant.

2.     The "UltraClear Black + White" line of products is deceptively and misleadingly marketed as being "anti yellow stains" and "anti white marks," and having a formula that "helps prevent" white marks and staining; yet, in reality, the "Ultraclear" line of antiperspirant is nothing more than a slightly diluted version of regular "Degree"-branded, "MotionSense" men's antiperspirant containing essentially the same ingredients with nothing added to "prevent" white marks or yellow staining.

1

Electronically Filed - Jeffer- on - July 04, 2019 - 03:18 PM

3.      Compared to the non-"Ultraclear" version of "MotionSense," "Ultraclear" does not contain a single addition ingredient providing "protection" from staining or marks; the only material difference is that the Active ingredient in "Degree"-branded, "MotionSense," Aluminum Zirconium Tetrachlorohydrex GLY, is diluted from a concentration of 19.2% in Degree's non-"Ultraclear" "MotionSense" antiperspirant to 11.4% in the "Ultraclear" line of products.

4.      Yet even more problematic, it is well-established that the "yellow stains" and "white marks" that the "Ultraclear" line of antiperspirants claims to "prevent" or be "anti-" towards, are in fact *created* and *caused by* that very same active ingredient, Aluminum Zirconium Tetrachlorohydrex GLY ("Aluminum").

5.      Thus, in reality, while perhaps doing it to a slightly lesser extent than Degree's non-"Ultraclear" antiperspirants, the "Ultraclear" line of antiperspirants actually *causes* the very problems Unilever deceptively claims it "prevents" and/or is "anti" towards.

6.      In short, while "Ultraclear" is marketed as "preventing" white marks and stains, it is nothing more than a less-effective version of Degree's "MotionSense" antiperspirant that causes the very problem it claims to solve.

7.      Despite all this, and despite being a diluted version thereof, Unilever sells the product for the same price as its non-"Ultraclear" "MotionSense" product, misleading and deceiving the buying public into paying the same amount for an inferior product while under the false impression that it is somehow superior.

8.      Pursuant to the MMPA, such practice is illegal.

## II.      PARTIES, JURISDICTION, AND VENUE

9.      Plaintiff Dan Crepps is a citizen and resident of Jefferson County, Missouri.

10.      Plaintiff brings this Class Action Petition individually and on behalf of a putative class of all Missouri residents.

2

Electronically Filed - Jeffer. on - July 04, 2019 - 03:18 PM

11.     Defendant Conopco, Inc. *d/b/a* "Unilever" (hereinafter "Unilever") is a New York corporation having its principal place of business at 700 Sylvan Ave., Englewood Cliffs, NJ 07632. Unilever may be served at: CT Corporation System, 120 South Central Ave., Clayton MO 63105.

12.     Defendant Unilever advertises, distributes, markets and sells "Degree"-branded, "MotionSense" "UltraClear Black + White" antiperspirant.

13.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  If necessary, Plaintiff will seek leave of Court to amend the Petition to reflect the true names and capacities of the DOE Defendants when such identities become known.

14.     Venue is proper in the Circuit Court of Jefferson County, Missouri, because the Plaintiff resides here, and a substantial part of the events or omissions giving rise to the claims in this action occurred in this venue.

15.     This forum also is superior in convenience to any other, as all of the Plaintiffs are or were Missouri citizens and are located in Missouri, and the acts complained of violated Missouri law.

16.     This asserted class action comports with Missouri Supreme Court Rule 52.08 and with R.S.Mo. § 407.025(3) of the MMPA.  Plaintiffs' identities can be ascertained from Defendant's records, but are so numerous that simple joinder of all individuals is impracticable.  This action raises questions of law and fact common among Plaintiffs.  The claims of lead Plaintiff is typical of all Plaintiffs' claims. Named Plaintiff will fairly and adequately protect all Plaintiffs' interests, and is represented by attorneys qualified to pursue this action. More specifically:

17.     <u>Class definition</u>:  Plaintiff Dan Crepps brings this action on behalf of himself and a class

Electronically Filed - Jeffer. on - July 04, 2019 - 03:18 PM

of similarly-situated persons preliminarily-[1] defined as follows: All Missouri consumers, who, within the Class Period, purchased "Degree"-branded, "MotionSense" "UltraClear Black + White" antiperspirant (the "Product")[2] in the State of Missouri.  The Class Period begins five years prior to the date of the filing of this Petition, and ceases upon the date of the filing of this Petition.  Excluded from the Class are: (a) any judges presiding over this action and members of their staffs and families; (b) the Defendants and their subsidiaries, parents, successors, and predecessors; any entity in which the Defendants or their parents have a controlling interest; and the Defendants' current or former officers and directors; (c) employees (i) who have or had a managerial responsibility on behalf of the organization, (ii) whose act or omission in connection with this matter may be imputed to the organization for liability purposes, or (iii) whose statements may constitute an admission on the part of the Defendants; (d) persons who properly execute and file a timely request for exclusion from the class; (e) the attorneys working on the Plaintiffs' claims; (f) the legal representatives, successors, or assigns of any such excluded persons; and (g) any individual who assisted or supported the wrongful acts delineated herein.

18.     <u>Numerosity</u>:  Upon information and belief, the Class includes tens of thousands, if not hundreds of thousands, of individuals on a statewide basis, making their individual joinder impracticable.  Although the exact number of Class members and their addresses are presently unknown to Plaintiff, they are ascertainable from Defendants' records.

19.     <u>Typicality</u>: Plaintiff's claims are typical of those of the Class because all Plaintiffs were injured by the Defendants' uniform wrongful conduct, specifically, using misleading and deceptive marketing and advertising in offering and selling the Product to Plaintiffs.

20.     <u>Adequacy</u>:  Plaintiff Dan Crepps is an adequate representative of the Class because his

---

[1] Plaintiff reserves the right to propose, as needed, any different or other more- or less-specific class, classes, subclass, or subclasses as Plaintiff deems appropriate for purposes of class certification.
[2] As that term and label is defined in greater detail *infra*.

4

Electronically Filed - Jeffer  on - July 04, 2019 - 03:18 PM

interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent and experienced counsel, and he intends to prosecute this action vigorously.  The interests of the Class will be protected fairly and adequately by Plaintiff and his counsel.

21.      <u>Commonality</u>:  Common questions of law and fact exist as to all Class members and predominate over any questions affecting only individual members, such as: (a) whether the Defendant used deceptive or misleading marketing and advertising in selling the Product; (b) whether and to what extent the Class members were injured by Defendant's illegal conduct; (c) whether the Class members are entitled to compensatory damages; (d) whether the Class members are entitled to punitive damages; (e) whether the Class members are entitled to declaratory relief; and (f) whether the Class members are entitled to injunctive relief.

22.      <u>Superiority</u>:  This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy.  The damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's wrongful conduct.  Thus, it would be extremely difficult for the individual Class members to obtain effective relief.  A class action presents far fewer management difficulties and provides the benefits of a single adjudication, including economies of time, effort, and expense, and uniformity of decisions.

### III.      BACKGROUND

23.      Defendant manufactures, distributes, and/or sells the product at issue herein, "Degree"-branded, "MotionSense" "UltraClear Black + White" antiperspirant.

24.      Defendant Unilever, in particular, owns the "Degree" brand and, under that brand name, manufactures and distributes, *inter alia,* "Degree"-branded, "MotionSense" "UltraClear Black + White" antiperspirant.

25.      The "Ultraclear" line of products is marketed as being superior to non-"Ultraclear"

Electronically Filed - Jeffer. on - July 04, 2019 - 03:18 PM

"Degree"-branded "MotionSense" antiperspirant purportedly for having a "stain-minimizing formula" that "protects" clothes against "white marks" and "yellow stains."[3]

26.　　The "Ultraclear" line of antiperspirants comes in multiple different varieties and scents, all of which have the same ingredients and are substantially similar to be considered collectively in this lawsuit; accordingly, all scents and varieties of the "Ultraclear" line are collectively referred to hereinafter as the "Product."

27.　　The packaging of the Product makes at least two such claims:



a.

28.　　As shown, the "Ultraclear" line is marketed as being "Anti-Yellow Stains," and being "Anti White Marks."

29.　　However, the active ingredient in the Product is Aluminum Zirconium Tetrachlorohydrex

---

[3] https://www.degreedeodorant.com/us/en/men/ultraclear-bw-ocean-air-antiperspirant-stick.html

Electronically Filed - Jeffer. on - July 04, 2019 - 03:18 PM

GLY.  It has long been recognized, and is well-accepted, that "yellow stains" and "white marks" on clothing is *caused,* at least indirectly, by aluminum in antiperspirants (generally upon being mixed with a user's perspiration).

30.     While the Product might in fact cause *less* staining than the "normal" "MotionSense" product and/or other antiperspirants on the market, it is irrefutable that the Product will inevitably lead and contribute to more staining on clothing than when it is not used at all.

31.     Thus, regardless of the extent, the Product causes, at least indirectly, the exact condition – "staining" and/or causing "white marks" – that it purports to "protect" against and/or be "anti"- towards.

32.     Further, on Unilever's "Degree"-branded website, www.degreedeodorant.com, in the "About this Product" portion of the website devoted to the "Ultraclear" product, the Product is advertised as "protect[ing] against …[*inter alia*] stains on clothing – black or white." https://www.degreedeodorant.com/us/en/men/ultraclear-bw-ocean-air-antiperspirant-stick.html

33.     Moreover, in the same section of Unilever's website, the Product is promoted as follows: "Some antiperspirant deodorants mix with body oils and create stains. Not this one.  With a stain-minimizing formula, clothes are protected against white marks and yellow stains."

*Id.*

34.     As shown, in multiple instances, Unilever promotes the Product as "protecting against," and being "anti-" white marks and yellow stains.  Those claims are false.  So too is the claim that the Product does not "mix with body oils and create stains;" that is exactly what its active ingredient, Aluminum Zirconium Tetrachlorohydrex GLY, does to create stains.

35.     The Product has no such "protection" from yellow stains or white marks and, in fact, causes both.

36.     Rather than constituting a superior product relative to the non-"Ultraclear" Degree-

7

Electronically Filed - Jeffer on - July 04, 2019 - 03:18 PM

branded "Motionsense" antiperspirant, compared to non-"Ultraclear" Degree-branded "Motionsense," the Product has essentially the same ingredients, with no added "protection."

37.     According to Unilever's Degree-branded website, www.degreedeodorant.com, and confirmed by corresponding product packaging, both the Product and the non-"Ultraclear" "Motionsense" line contain the following ingredients:

  a.  Active Ingredient: Aluminum Zirconium Tetrachlorohydrex GLY

  b.  Inactive Ingredients:

    i.  Cyclopentasiloxane, Stearyl Alcohol, PPG-14 Butyl Ether, Fragrance (Parfum), Hydrogenated Castor Oil, PEG-8 Distearate, Caprylic/Capric Triglyceride, Sodium Starch Octenylsuccinate, Hydrated Silica, Maltodextrin, Gelatin Crosspolymer, Hydrolyzed Corn Starch, BHT, Silica, Cellulose Gum.

38.     The only difference in the Product is that it contains Polyethylene, whereas the non-"Ultraclear" product does not, and the Product does not contain Talc.  Upon information and belief Polyethylene does provide "protection" against white marks and yellow stains, nor does it do anything to "prevent" those conditions.

39.     Moreover, while removing Talc may have a negligible affect on the white-marking quality of the Product versus the non-"Ultraclear" line of products, it certainly does not render the Product "Anti White Mark" or "Anti yellow stains."

40.     Other than those minimal changes, the *only* other difference between the Product and the non-"Ultraclear" line is that the active ingredient,  Aluminum Zirconium Tetrachlorohydrex GLY, is diluted from 19.2% (in the non-"Ultraclear" line) to 11.4% in the Product.

41.     Such dilution of an active ingredient does not add "protection."

42.     Rather, the dilution of an active ingredient more likely simply reduces the effectiveness

Electronically Filed - Jeffer_on - July 04, 2019 - 03:18 PM

of the "normal" product, making the Product, in reality, inferior to the non-"Ultraclear" "MotionSense" line.

43.     And that deceptive fact is in addition to the worse reality that the Product causes what it falsely claims to "protect" against and to "prevent"—white marks; upon testing, the Product readily creates white marks upon clothing of all colors.

44.     Defendant's "anti-yellow stains" and/or "anti-white marks" claims are patently false.

45.     Merriam- Webster online dictionary defines the word "anti" as meaning, *inter alia,* "serving to prevent, cure, or alleviate" or "combating or defending against;"[4] the Product, containing ingredients that *cause* staining and white marks (even if to a lesser extent than other products), is unquestionably *not* fairly or honestly characterized as "anti-yellow stains" or "anti-white marks."

46.     A normal consumer is unable to determine simply by reading the claims on the Product packaging and/or the Product's ingredient list that it actually contains no "protection" against, or otherwise "prevents" white marks and yellow stains.

47.     While the fact is extremely well-established, a normal consumer also is unaware that Aluminum Zirconium Tetrachlorohydrex GLY is a key factor (along with a person's perspiration) that contributes to and, at least indirectly, *causes* the "yellow stains" and "white marks" the Product purports to "prevent;" in fact, for that reason, it is entirely false for Defendants to claim that while "some antiperspirant deodorants mix with body oils and create stains," [the Product does not]."

48.     Moreover, while the Product very obviously leaves "white marks" on clothing, a potential purchaser is unable to test that fact prior to purchasing the Product.

49.     Upon information and belief, Defendant Unilever profits from the wide-spread practice of selling a diluted version of its regular product for the same price as non-diluted versions.

---

[4] https://www.merriam-webster.com/dictionary/anti

Electronically Filed - Jeffer on - July 04, 2019 - 03:18 PM

50.     Upon information and belief, it is cheaper for Unilever to produce the Product, a relatively-diluted version of its regular antiperspirant, than it is to produce its non-"Ultraclear" antiperspirant, such as the regular "Degree"-branded "Motionsense" line of antiperspirants.

51.     Upon information and belief, Defendant Unilever deceptively and misleadingly markets the Product as falsely "protecting" against and "preventing" white marks and yellow stains to hide the fact from consumers that the Product is, in fact, inferior in its primary purpose, preventing perspiration, and is cheaper to produce.

52.     Defendant's marketing and selling of the Product by use of the aforementioned false, deceptive, and misleading statements is illegal and prohibited under the MMPA.

*Facts Particular to Dan Crepps and Representative of the Proposed Class*

53.     In or around July of 2019, after having viewed Defendant's statements regarding the Product on www.degreedeodorant.com, Plaintiff visited a retail outlet for Unilever products, particularly Walgreens.

54.     While there, Plaintiff observed that the Product was being sold for the same price as "regular" "Degree"-branded "Motionsense" antiperspirant.

55.     Due to the claims on the packaging as well as the statements on www.degreedeodorant.com, Plaintiff falsely believed he was purchasing a product that was equally effective as the regular "Motionsense" antiperspirant but having "protection" against white marks and stains; Plaintiff believed the Product would "protect" against, as opposed to cause, "white marks" and "yellow stains."

56.     Plaintiff thereafter purchased the Product.

57.     At the time he purchased the Product, Plaintiff was unaware of the falsity of the Product's claims and/or the falsity of Defendant's online claims regarding the Product.

58.     If Plaintiff had been aware of the falsity and misleading nature of Defendant's claims

10

Electronically Filed - Jeffer- on - July 04, 2019 - 03:18 PM

regarding the Product, he would not have bought the Product.

59.     When Plaintiff purchased the Product, he was injured by Defendant's illegally deceptive, false, and misleading conduct in marketing and selling the Product.

60.     Although the aforementioned facts apply to named Plaintiff, for purposes of the proposed class, all that is relevant is that Plaintiff and the class members, Missouri citizens, purchased the Product at a time within the Class Period while in Missouri.

## CAUSES OF ACTION

## COUNT ONE: VIOLATION OF THE MMPA – Misleading, False, and Deceptive Marketing

61.     Plaintiff hereby incorporates by reference and re-alleges each allegation set forth in each preceding paragraph of this Petition, as though fully set forth herein.

62.     Defendant's acts complained of herein occurred in and emanated from the State of Missouri.

63.     Plaintiff and all members of the Class are "persons" and the Product is "merchandise" as those terms are defined under the MMPA.

64.     As set out in this Petition, Defendant's marketing of the Product constitutes deception, false pretense, misrepresentation, unfair practice, or, at a minimum, the concealment, suppression, or omission of a material fact in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA"), in particular, Defendant marketed the Product by falsely claiming it "prevents" and "protects against" white marks and yellow stains.

65.     As a result of Defendant's actions, consumers, including Plaintiff, were misled or deceived that the Product they were purchasing contained the claimed benefits and that it "protected" and/or prevent against conditions it actually contributes to and indirectly and directly causes.

66.     Defendant's deceptive acts caused Plaintiff and the Class Members an ascertainable loss

Electronically Filed - Jeffer. on - July 04, 2019 - 03:18 PM

within the meaning of the MMPA.  In particular, Plaintiff and the class paid for a Product that did not, in fact, contain the benefits claimed and did not, in fact, "protect" against and/or "prevent" the conditions Defendant purports it did; the Product was *not* "anti" yellow stains or white marks.

67.     Due to Defendant's illegal conduct, Plaintiffs are entitled to restitution of all funds improperly obtained by Defendant.

68.     In addition, Defendant's conduct as aforesaid was wanton, willful, outrageous, and in reckless indifference to the rights of Plaintiffs and others similarly situated and, therefore, warrants the imposition of punitive damages.

69.     Plaintiffs have been forced to hire attorneys to enforce their rights under the MMPA.

## COUNT TWO: INJUNCTIVE RELIEF

70.     Plaintiff hereby incorporates and adopts by reference each and every allegation set forth above.

71.     Defendant continues to retain payment made by Plaintiff and other members of the Class for the Product that is the result of Defendant's deceptive and misleading marketing in violation of the MMPA.

72.     Applicable law, including R.S. Mo. § 407.025, permits the Court to enter injunctive relief to prevent Defendant's continued violation of the law by continuing to falsely state that the Product "prevents" and/or "protects" against white marks and/or yellow staining.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an order certifying this action as a class action and appointing Plaintiff Dan Crepps as class representative and his counsel as class counsel.  Plaintiff requests that this court find that the Defendant violated the MMPA, and award Plaintiffs compensatory damages, restitution, attorneys' fees, punitive damages, costs, and such further relief as the Court deems just.

Electronically Filed - Jeffer on - July 04, 2019 - 03:18 PM

Respectfully submitted,

**DANIEL F. HARVATH, ESQ.**

By: /s/ *Daniel F. Harvath*
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

13

Electronically Filed - Jeffer  on - Augu t 05, 2019 - 07:32 PM

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## STATE OF MISSOURI

**DAN CREPPS,** *individually and*     )
*on behalf of all others similarly-situated,*   )
               )
    **Plaintiffs,**        )    **JURY TRIAL DEMANDED**
               )
**v.**                )
               )    **Case No.19JE-CC000490**
**CONOPCO, INC.,** *et al.*      )
               )
    **Defendants.**       )

## REQUEST FOR ISSUANCE OF SUMMONS

    Plaintiffs herein request the Issuance of Summons for Defendant <u>Conopco, Inc.,</u> and

that the Circuit Clerk appoint:

     **(A qualified agent of) St. Louis County Sheriff's Office, Civil Process Division**
      **105 South Central, Ave. 5th Floor, Clayton, MO 63105**

    Natural person(s) of lawful age, to serve the summons and petition in this cause on

the below-named party:

     **CONOPCO, INC.**
     **C T Corporation System**
     **120 South Central, Ave.**
     **Clayton, MO 63105**

         Respectfully submitted,
         By: */s/ Daniel F. Harvath*
         Daniel F. Harvath, #57599MO
         **HARVATH LAW GROUP, LLC**
         75 W. Lockwood, Suite #1
         Webster Groves, MO 63119**;** (314) 550-3717
         dharvath@harvathlawgroup.com



# IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRENDA  STACEY | **Case Number:  19JE-CC00490** |
| Plaintiff/Petitioner:<br>DANIEL CREPPS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DANIEL FRANCIS HARVATH<br>8923 LITZSINGER RD<br>SAINT LOUIS, MO  63144 |
| Defendant/Respondent:<br>CONOPCO, INC. | Court Address:<br>P O BOX 100 |
| Nature of Suit:<br>CC Pers Injury-Other | 300 MAIN ST<br>HILLSBORO, MO  63050 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:   CONOPCO, INC.**
                             **Alias:**

**700 SYLVAN AVE**
**ENGLEWOOD CLIFFS, NJ  07632**

***COURT SEAL OF***

*JEFFERSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

8-07-2019          Michael E Reuter, Circuit Clerk
                          /s/ Katie Steward, Deputy Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐  delivering a copy of the summons and a copy of the petition to the defendant/respondent.
    ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
    ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐  other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____          _____
        Printed Name of Sheriff or Server                                          Signature of Sheriff or Server

             **Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

             I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                               ☐ the judge of the court of which affiant is an officer.
*(Seal)*                       ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                               ☐ authorized to administer oaths.  (use for court-appointed server)

                                                                    _____
                                                                                  Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - Jeffer on - Augu 1 15, 2019 - 02:14 PM



## IN THE 23RD JUDICIAL CIRCUIT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>BRENDA  STACEY | Case Number:  19JE-CC00490 |
|---|---|
| Plaintiff/Petitioner:<br>DANIEL CREPPS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>DANIEL FRANCIS HARVATH<br>8923 LITZSINGER RD  57599<br>SAINT LOUIS, MO 63144 |
| Defendant/Respondent:<br>CONOPCO, INC. | Court Address:<br>P O BOX 100<br>300 MAIN ST |
| Nature of Suit:<br>CC Pers Injury-Other | HILLSBORO, MO  63050          (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to:   CONOPCO, INC.

**700 SYLVAN AVE**
**ENGLEWOOD CLIFFS, NJ  07632**

Alias: *CT CORPORATION SYSTEM per letter*   *30 CTLOR*
*120 S CENTRAL AVE 63105*

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**JEFFERSON COUNTY**

8-07-2019     Michael E Reuter, Circuit Clerk
              /s/ Katie Steward, Deputy Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☑ other: _____

Served at   CT CORPORATION   **LCW – B. LOVE**   _____ (address)
in   St. Louis County   County,   MO   (state) on   AUG 1 4 2019   (date) at   9 A M   (time).

   J. CONNOLLY
   Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $_____ per mile) |
| Total | $_____ |

See the following page for directions to officer making return on service of summons.

8/12

19-SMOS-878

Electronically Filed - Jeffer on - Augu t 15, 2019 - 02:14 PM

Electronically Filed - Jeffer on - Augu t15, 2019 - 02:14 PM

**DANIEL F. HARVATH, ESQ.**
dharvath@harvathlawgroup.com



**ST. LOUIS OFFICE**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
314-550-3717

# HARVATH LAW GROUP, LLC
## ATTORNEYS AT LAW

August 7, 2019

St. Louis County Sheriff's Office
Civil Process Division
105 South Central Ave., 5th Floor
Clayton, MO 63105

      To:      St. Louis County Sheriff's Office – Civil Process Division

      Re:      **Service of Summons – CONOPCO, INC.**

Dear Process Server:

Attached for service is a Summons for the Defendant in the enclosed lawsuit. Also included is a complete copy of the underlying Petition to accompany the Summons. Please complete service on the Defendant, CONOPCO, INC., at **CT Corporation System, 120 S. Central Ave., Clayton, MO 63105**.

I have enclosed a check for the cost of service, for $36.00

Please e-mail a scanned copy of any proof of service documents to: dharvath@harvathlawgroup.com, and/or, if so required (I do not need a paper copy), please feel free to mail a copy to the address at the top of this letter. Please also let me know if you have any questions or need anything else in relation to these items.

Thank you,

Daniel F. Harvath, Esq.

## NOTICE OF ENTRY
(SUPREME COURT RULE 74.03)

### In The 23rd Judicial Circuit Court, Jefferson County, Missouri
P O BOX 100, 300 MAIN ST, HILLSBORO, MISSOURI 63050

**DANIEL CREPPS V CONOPCO, INC.**                                                    **CASE NO : 19JE-CC00490**

To:     File

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| Filing Date | Description |
| --- | --- |
| 23-Aug-2019 | Civil Setting Scheduled |
| | Scheduled For: 18-Oct-2019 1:30 PM; DIANNA LYNN BARTELS; Division 3 Courtroom; Jefferson |
| | STATUS DIV 4 TRANSFER |
| | Event Location:   P O Box 100,300 Main St,Hillsboro, Mo |

_____

Clerk of Court

CC:         File
            CONOPCO, INC.

ECC:

Date Printed : 04-Sep-2019