UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAN CREPPS,<br>*individually and on behalf of all others*<br>*similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>CONOPCO, INC., *d/b/a* "UNILEVER,"<br>DOES 1 through 10,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:19CV2554 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Transfer and Coordinate Pre-Trial Proceedings (ECF No. 12) and Motion to Dismiss (ECF No. 14) filed by Defendant Conopco, Inc., d/b/a "Unilever" and Does 1 through 10 (referred to collectively as "Defendants"), and the Joint Motion for Extension of Time and Entry of Briefing Schedule (ECF No. 17). Because Plaintiff Dan Crepps's Second Amended Class Action Complaint (ECF No. 16) is now the operative complaint in this action, the Court denies Defendants' Motion to Dismiss as moot as it is directed at the First Amended Class Action Petition filed in state court. After careful consideration, the Court grants the Motion to Transfer and Coordinate Pre-Trial Proceedings and implements the parties' agreed briefing scheduling.

## BACKGROUND

Plaintiff Dan Crepps, individually and on behalf of all others similarly situated, filed this putative class action against Defendant. Plaintiff alleges Defendants' "UltraClear Black + White" line of antiperspirant products causes the "yellow stains" and "white marks" on clothing that it purports to prevent. The Second Amended Class Action Complaint asserts the following

counts relating to the nationwide class: breach of warranty (Count I); breach of implied contract (Count II); and unjust enrichment (Count III). Additionally, Plaintiff asserts Defendant violated the Missouri Merchandizing Practices Act (MMPA) (Count IV) and seeks injunctive relief on behalf of the Missouri subclass (Count V).

In addition to this case, seven other putative class actions have been filed in this district by Plaintiffs Dan Crepps, Jamie Richards, and Carla Been:

- *Crepps v. Conopco, Inc.*, No. 4:19-cv-02723-AGF (E.D. Mo.) ("*Crepps II*");
- *Richards v. Conopco, Inc.*, No. 4:19-cv-02556-HEA (E.D. Mo.) ("*Richards I*");
- *Richards v. Conopco, Inc.*, No. 4:19-cv-02558-SRC (E.D. Mo.) ("*Richards II*");
- *Richards v. Conopco, Inc.*, No. 4:19-cv-02726-AGF (E.D. Mo.) ("*Richards III*");
- *Richards v. Conopco, Inc.*, No. 4:19-cv-02728-SRC (E.D. Mo.) ("*Richards IV*");
- *Been v. Conopco, Inc..*, No. 4:19-cv-02703-SRC (E.D. Mo.) ("*Been I*"); and
- *Been v. Conopco, Inc.*, No. 4:19-cv-02704-RLW (E.D. Mo.) ("*Been II*").

Defendant filed the instant Motion to Transfer and Coordinate Pre-Trial Proceedings (ECF No. 12), arguing all eight cases are substantially similar and appropriate for coordination of pre-trial proceedings pursuant to Local Rule 4.03[1] and Federal Rule of Civil Procedure 42(a). Defendant notes that Plaintiff's counsel consents to the requested coordination of pre-trial proceedings. Furthermore, the deadline by which to file any formal objection has since passed.

## LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and provides: "If actions before the court involve common questions of law or fact, the court may:

---

[1] Local Rule 4.03 provides: "A party desiring the consolidation of related cases shall file a motion in the case bearing the lowest cause number." Previously, there was a lower numbered case pending before the Honorable Catherine D. Perry: *Crepps v. Conopco, Inc.*, No. 4:19-cv-02553-CDP (E.D. Mo.) ("*Crepps I*"). That case was voluntarily dismissed on October 19, 2019.

-2-

(1) join for hearing or trial any or all maters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion in determining whether to order consolidation. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). "The threshold issue is whether the proceedings involve a common party and common issues of fact or law. The mere existence of common issues, however, does not mandate that the cases be joined." *A.O.A. v. Doe Run Res. Corp.*, No. 4:11CV44 CDP, 2016 WL 1182631, at *2 (E.D. Mo. Mar. 28, 2016) (citation omitted). "The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine 'the special underlying facts' with 'close attention' before ordering consolidation." *PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-CV-690 SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)). The purpose of consolidation is to promote convenience and economy in the administration of actions. *Saettele*, 21 F.3d at 235 (citation omitted). However, consolidation is not appropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. *E.E.O.C. v. HEE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

## DISCUSSION

As an initial matter, the Court finds that the eight cases have a common party as the separate putative class actions assert claims against the same defendant: Unilever. Additionally, three individuals are the named plaintiffs in the each of the eight cases: Dan Crepps is the named plaintiff in two cases, Jamie Richards is the named plaintiff in four cases, and Carla Been is the named plaintiff in two cases.[2] The Court also finds that all eight cases present common issues of

---

[2] The Court notes all three named plaintiffs are represented by the same counsel.

fact and law. While each case relates to a specific antiperspirant product,[3] all eight cases make similar factual allegations and assert the same causes of actions on behalf of a nationwide class and Missouri subclass.

Based on these factors, the Court finds that coordination of pre-trial proceedings in these eight cases is appropriate and judicial economy is best served by coordinating pre-trial proceedings before a single judge. The cases will clearly involve similar questions of law related to Defendants' products and business practices. Further, any such differences between the specific antiperspirant products at issue can be litigated and adjudicated in the discovery process. Lastly, and significantly, no party will be unfairly inconvenienced or prejudiced as all cases are at the same stage in litigation and all plaintiffs are represented by the same counsel who consents to pre-trial coordination.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Transfer and Coordinate Pre-Trial Proceedings (ECF No. 12) is **GRANTED**. The Clerk of Court shall reassign the following cases to the undersigned for pre-trial purposes only:

- *Crepps v. Conopco, Inc.*, No. 4:19-cv-02723-AGF (E.D. Mo.) ("*Crepps III*");
- *Richards v. Conopco, Inc.*, No. 4:19-cv-02556-HEA (E.D. Mo.) ("*Richards I*");
- *Richards v. Conopco, Inc.*, No. 4:19-cv-02558-SRC (E.D. Mo.) ("*Richards II*");
- *Richards v. Conopco, Inc.*, No. 4:19-cv-02726-AGF (E.D. Mo.) ("*Richards III*");

---

[3] *Crepps II* concerns Degree-branded MotionSense UltraClear Black + White men's antiperspirant sticks; *Crepps III* concerns Axe-branded Anti Marks Protection men's antiperspirant sticks; *Richards I* concerns Dove-branded Men + Care Stain Defense antiperspirant sprays; *Richards II* concerns Degree-branded MotionSense UltraClear Black + White men's antiperspirant sprays; *Richards III* concerns Degree-branded MotionSense UltraClear Black + White women's antiperspirant sticks; *Richards IV* concerns Dove-branded Invisible Advanced Care women's antiperspirant sticks; *Been I* concerns Degree-branded MotionSense UltraClear Black + White women's antiperspirant sprays; and *Been II* concerns Dove-branded Invisible Advanced Care women's antiperspirant sprays.

- *Richards v. Conopco, Inc.*, No. 4:19-cv-02728-SRC (E.D. Mo.) ("*Richards IV*"); and
- *Been v. Conopco, Inc.*, No. 4:19-cv-02703-SRC (E.D. Mo.) ("*Been I*").

Because *Been v. Conopco, Inc.*, No. 4:19-cv-02704-RLW (E.D. Mo.) ("*Been II*") is assigned to this Court, it does not need to be reassigned. Nonetheless, it shall be included in the pre-trial consolidation. The Clerk of Court shall docket a copy of this Memorandum and Order in the referenced actions.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 14) is **DENIED as moot**.

**IT IS FINALLY ORDERED** that the Joint Motion for Extension of Time and Entry of Briefing Schedule (ECF No. 17) is **GRANTED**. Any motion to dismiss directed at the operative Second Amended Complaint (ECF No. 16) shall be filed no later than December 18, 2019; any response in opposition shall be filed no later than January 8, 2020; and any reply in support shall be filed no later than January 29, 2020.

Dated this 10th day of December, 2019.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**